No. 04-97-01021-CV



Richard Lesley PURSLEY,


Appellant



v.



Kymn Roxann USSERY,


Appellee



From the 224th Judicial District Court, Bexar County, Texas


Trial Court No. 96-CI-16967


Honorable Carol R. Haberman, Judge Presiding(1)




Opinion by: Sarah B. Duncan, Justice


Sitting: Phil Hardberger, Chief Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and filed: November 25, 1998


APPEAL DISMISSED FOR LACK OF JURISDICTION


 Richard Lesley Pursley appeals the trial court's judgment against him in the bill of review
proceeding filed by his ex-wife, Kymn Roxann Ussery. The principal issue presented is whether a
timely-filed request for findings of fact and conclusions of law extends the trial court's plenary
power to modify its judgment. We conclude it does not and, as a result, dismiss Pursley's appeal for
lack of jurisdiction.

Factual and Procedural Background


 Pursley and Ussery were divorced in 1992. In the divorce decree, Pursley was awarded "[a]ny
and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together
with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing
plan, retirement plan, pension plan, or like benefit plan existing by reason of [his] past, present or
future employment."

 Approximately four years after the divorce decree was signed, Ussery filed a bill of review
petition seeking to set aside the provision quoted above. On May 5, 1997, after an evidentiary
hearing, Judge Juan Gallardo indicated he would grant the bill. Thereafter, on May 14, Pursley filed
a request for findings of fact and conclusions of law. However, the parties were unable to agree on
the form of an order, and Judge Gallardo conducted a second hearing on July 17. The parties agree
it was not until after this hearing that Judge Gallardo signed an interlocutory order granting the bill,
setting aside the provision quoted above, and reserving the proper division of the benefits until a
later hearing. See Tesoro Petroleum v. Smith, 796 S.W.2d 705, 705 (Tex. 1990) (holding order
setting aside prior judgment but not disposing of merits is interlocutory). But the parties' attorneys
disagree as to the validity of this order. Pursley's trial attorney states in his affidavit that Judge
Gallardo recused himself before signing the July 17 order, while Ussery's trial attorney states in his
affidavit "Judge Gallardo at no time used the term recusal, not [sic] did he recuse himself."

 Judge Carol Haberman conducted a trial on the merits on July 31, 1997 and, on the same day,
signed a handwritten order, entitled "Final Order," in which Ussery was awarded 28.75% of
Pursley's retirement pay. The record does not reflect any further activity in the case until September
4, 1997, when Judge Haberman signed a typed order entitled "Final Order on Bill of Review and
Dividing Military Retirement." Pursley appealed.

 Ussery filed a motion to dismiss, contending Pursley's December 3, 1997 notice of appeal
was untimely because his request for findings and conclusions did not extend the time to perfect an
appeal of the September 4 judgment. We denied Ussery's motion in an unpublished order,
recognizing Pursley's request for findings of fact and conclusions of law would (1) be deemed filed
on the date of but subsequent to the final, appealable judgment in this case and (2) extend the time
for perfecting an appeal. But our order also questioned whether the parties correctly identified the
September 4 judgment as the final, appealable judgment in this case since it was signed more than
thirty days after the July 31 "Final Order"; the July 31 "Final Order" appears to be a final, appealable
judgment; and we were not aware of any authority holding a request for findings and conclusions
would extend the trial court's plenary power to modify the July 31 "Final Order." We therefore
ordered the parties to show cause why Pursley's appeal should not be dismissed for lack of
jurisdiction. Both parties responded to our show cause order, and Pursley filed a motion to dismiss,
contending the July 17 order granting the bill of review and all subsequent orders are void because
Judge Gallardo recused himself from the case before signing the July 17 order. We first address
Pursley's motion to dismiss.

Motion to Dismiss


 Because the attorneys' affidavits conflict as to whether Judge Gallardo recused himself
before signing the July 17 order and this conflict cannot be resolved by reference to a record of the
July 17 hearing, Pursley has failed to establish the factual predicate for his motion to dismiss. See
Tex. R. App. P. 33.1(a)(2)(A) (requiring trial court ruling to preserve complaint). We therefore deny
Pursley's motion and turn to the jurisdictional question.

Jurisdiction


 When the trial court signs a final, appealable judgment, its retains plenary power to grant a
new trial or vacate, modify, correct, or reform the judgment for thirty days after the judgment is
signed or thirty days after all timely-filed motions for new trial and motions to modify, correct, or
reform the judgment are denied by signed order or operation of law. Tex. R. Civ. P. 329b(d), (e), (g).
But if the trial court signs a modified judgment within its plenary power, the appellate timetable is
restarted. Check v. Mitchell, 758 S.W.2d 755, 756 (Tex. 1988). Therefore, the first issue we must
decide is whether the July 31 "Final Order" is a final, appealable judgment.

The Finality of the July 31 "Final Order"


 The July 31 handwritten "Final Order" expressly disposes of the only issue that remained
pending before the court--the equitable division of Pursley's military retirement benefits--and
therefore appears to be a final judgment. See North East I.S.D. v. Aldridge, 400 S.W.2d 893, 897-898
(Tex. 1966) (holding a judgment signed after a conventional trial on the merits is presumed to
dispose of all issues and parties as a general rule); Retana v. Tanner, 869 S.W.2d 669, 670 (Tex.
App.--San Antonio 1994, no writ) (presumption applies even if further proceedings may be
necessary to settle incidental matters). However, Pursley argues the July 31 "Final Order" was not
a final judgment but merely "a memorandum of the trial court's rendition of judgment," and he
directs our attention to Flores v. Onion, 693 S.W.2d 756 (Tex. App.--San Antonio 1985, orig.
proceeding). We disagree.

 In Flores, this court conditionally issued a writ of mandamus to compel the trial judge to
"sign a formal, typed decree in conformity with" an earlier handwritten "Decree and Agreement."
Id. at 758. But Flores does not suggest a handwritten judgment is not final merely because it is
handwritten. To the contrary, the Flores Court expressly held the handwritten judgment constituted
a final judgment because "[n]othing was left for adjustment between the parties relating to the
subject matter of the agreement." Id. Pursley also argues we should not take "the position that any
type-written order signed more than thirty days after a handwritten order has been signed by the
Court is void" because this in fact reflects common practice. But whether this is "common practice"
is irrelevant to whether the July 31 order was a final judgment.

 Like Ussery, we conclude the trial court's July 31 "Final Order" was a final, appealable
judgment--it not only presumed to dispose of all issues and parties because it followed a
conventional trial on the merits, but it in fact disposed of the only issues and parties before the court.
Consequently, Pursley's premature request for findings of fact and conclusions of law is deemed
filed on July 31, 1997. Tex. R. Civ. P. 306c; Tex. R. App. P. 27.2. And, because the requested
findings and conclusions related to a judgment necessarily based in part on the May 5 evidentiary
hearing and the resulting July 17 order, Pursley's request extended the time to perfect an appeal of
the July 31 "Final Order" until October 29, 1997. Tex. R. App. P. 26.1(a)(4); see IKB Indus.
(Nigeria) Ltd. v. Pro-line Corp., 938 S.W.2d 440, 443 (Tex. 1997) ("A timely filed request for
findings of fact and conclusions of law extends the time for perfecting appeal" "after ... any
judgment based in any part on an evidentiary hearing.").



Plenary Power


 But did Pursley's request also extend the trial court's plenary power to modify the July 31
"Final Order," at least until the court signed the September 4 "Final Order"? Neither of the parties
has provided us with any case law addressing whether a request for findings and conclusions affects
the trial court's plenary power, and we have found none in our own research.

 By its terms, Rule 329b extends a trial court's plenary power only upon the timely filing of
a motion for new trial and a motion to modify, correct, or reform the judgment. Tex. R. Civ. P.
329b(e), (g). As a result, several prominent commentators have concluded a trial court's plenary
power is not extended by requests for findings of fact and conclusions of law. See Elaine A. Carlson,
Perfecting the Civil Appeal to the Courts of Appeals in Jury and Nonjury Cases, in Matthew
Bender & Southern Methodist University School of Law, Practicing Law Under the New
Rules of Trial and Appellate Procedure at 7-21 (Nov. 7-8, 1997); Ann Crawford McClure &
Richard D. Orsinger, Are Non-Jury Trials Ever "Appealing"? Attacking and Defending Judgments
From Non-Jury Trials, in State Bar of Texas 12th Annual Advanced Civil Appellate
Practice Course at I-10 (Sept. 1998). We reach the same conclusion and so hold.(2) As a result, the
trial court's plenary power expired before it signed the September 4 "Final Order," Tex. R. Civ. P.
329b(d), and this order cannot be construed as a modified judgment that would restart the appellate
timetable. See Check, 758 S.W.2d at 756.(3)

Conclusion


 Pursley's request for findings of fact and conclusions of law did not extend the trial court's
plenary power to modify the July 31 "Final Order." Pursley was therefore required to perfect his
appeal on or before October 29, 1997. Because he failed to do so, we dismiss his appeal for lack of
jurisdiction.


 Sarah B. Duncan, Justice


Publish


1. The Honorable Juan Gallardo, a visiting judge, signed the order granting the bill of review and setting aside
the relevant portions of the divorce decree. The Honorable Carol R. Haberman, Judge of the 45th Judicial District Court,
signed the final orders dividing Pursley's military retirement pay.
2. We recognize motions other than those specified in Rule 329b extend the appellate timetable if they are filed
within the time for filing a motion for new trial and "assail[] the trial court's judgment." Gomez v. Texas Dep't of
Criminal Justice, 896 S.W.2d 176, 176 (Tex. 1995) (per curiam) ("bill of review"); see Kirschberg v. Lowe, 974 S.W.2d
844 (Tex. App.--San Antonio 1998, order) (motion for judgment non obstante veredicto). However, Gomez speaks only
of extending the appellate timetable, not the trial court's plenary power. Moreover, unlike the "bill of review" at issue
in Gomez and the motion for judgment non obstante veredicto at issue in Kirschberg, a request for findings and
conclusions does not assail the trial court's judgment; it merely seeks an explanation of it.
3. Ussery argues the September 4 "Final Order" is not void because it is a valid clarification order authorized
by the Texas Family Code. This may be correct but it is an issue we need not and do not decide. Clarification orders
"do[] not alter or affect the finality of the decree of divorce ... being enforced." Tex. Fam. Code Ann. § 9.006(b)-(c)
(Vernon Pamph. 1997). Nor did Pursley timely appeal the September 4 order. However, in light of Ussery's argument,
we do not hold the September 4 "Final Order" is void, nor do we set it aside.


Return to
4th Court of Appeals Opinions