No. 04-99-00877-CV



Thomas A. CLARKE,


Appellant



v.



Camille ARNELL,


Appellee



From the 73rd Judicial District Court, Bexar County, Texas 


Trial Court No. 96-CI-02622


Honorable Frank Montalvo, Judge Presiding



PER CURIAM


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: April 26, 2000


DISMISSED FOR WANT OF JURISDICTION


 From our initial review of the record it appeared that Thomas Clarke ("Clarke") was
attempting to appeal from an amended judgment that was entered outside the trial court's plenary
power. The relevant procedural facts are as follows: On December 8, 1997, the trial court signed a
final judgment in favor of Camille Arnell ("Arnell") in the amount of $13,600 on her action to
enforce the terms of the parties' divorce decree. On December 17, 1997, Clarke filed a request for
findings of fact and conclusions of law. Aside from this request, Clarke did not otherwise file any
post-judgment motions on or before January 7, 1998 - thirty days after the date the trial court signed
the final judgment. On February 3, 1998, the trial court filed its findings of fact and conclusions of
law. On February 11, 1998, Clarke requested additional or amended findings of fact and conclusions
of law. In this filing, Clarke specifically requested the court to adopt the conclusion of law that
Arnell was not entitled to recover $500 from Clarke's Vanguard World Fund account, which was
awarded to Arnell, because Arnell had failed to plead for recovery of it and the issue had not been
tried by consent. The following week the trial court adopted that requested conclusion.

 On February 24, 1998, seventy-eight days after the date the trial court signed the final
judgment, Clarke filed a motion to modify, correct, or reform the judgment in which he sought to
reduce the award of damages from $13,600 to $13,100. See Tex. R. Civ. P. 329b (g) (motions to
modify, correct, or reform judgment, if filed, shall be filed prior to or within thirty days after
judgment or other order complained or is signed). By filing this motion, Clarke was ostensibly
proceeding under the assumption that his timely filed request for findings of fact and conclusions of
law operated like a motion for new trial or motion to modify the judgment to extend the trial court's
plenary power over the judgment more than thirty days after the date judgment was signed.(1) On
March 3, 1998, the trial court granted appellant's motion by written order, stating that a new
judgment, which would reflect a remittur on the actual damages, would be prepared, signed, and
entered. In all other respects, the final judgment of December 8, 1997, remained unaltered. On
September 3, 1999, a judgment consistent with the trial court's March 3, 1998 order was signed and
entered by the trial court. Clarke now seeks review of the amended judgment entered on September
3, 1999.

 A request for findings of fact and conclusions of law extends the appellate timetable "if
findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could
properly be considered by the appellate court." Tex. R. App. P. 26.1(a)(4) (notice of appeal must be
filed within 90 days after judgment is signed). Such a request, however, does not extend a trial
court's plenary power to act beyond thirty days after the entry of a final judgment. Pursley v. Ussery,
982 S.W.2d 596, 599-60 (Tex. App.-San Antonio 1998, pet. denied) (concluding that trial court's
plenary power is not extended by requests for findings of fact and conclusions of law). A trial
court's plenary power is extended only upon the timely filing of a motion for new trial or a motion
to modify, correct, or reform the judgment. Tex. R. Civ. P. 329b(e); Pursley, 982 S.W.2d at 599.
This is so because "a request for findings of fact and conclusions of law does not assail the trial
court's judgment; it merely seeks an explanation of it." Pursley, 982 S.W.2d at 599 n.2. 

 In the instant case, a motion for new trial or a motion to modify, correct, or reform the
judgment was not filed within thirty days after the date the trial court's judgment was signed. Thus,
in the absence of such a motion, the trial court's plenary power over the judgment expired on January
7, 1998. As noted, Clarke's motion to modify was filed on February 24, 1998. Therefore, because
it appeared that the trial court both granted Clarke's motion to modify and modified the December
8, 1997 judgment outside its plenary power, rendering the September 3, 1999 judgment void, see
State ex rel. Latty v. Owens, 907 S.W.2d 484, 485-86 (Tex. 1995), and appellant's notice of appeal
untimely, see Tex. R. App. P. 26.1(a), we ordered Clarke to show cause in writing why this appeal
should not be dismissed for lack of jurisdiction.

 In response, Clarke contends that the trial court had the authority to grant the February 24,
1998 motion to modify, and thereby modify the December 8, 1997 judgment, because such motion
was, in essence, a motion for judgment nunc pro tunc seeking to correct a computational, clerical
error. See Travelers Cos. v. Wolfe, 838 S.W.2d 708, 710 n.2 (Tex. App.-Amarillo 1992, no writ)
(mathematical error in amount of damages constitutes clerical error). Clarke thus contends that the
September 3, 1999 judgment is properly characterized as a judgment nunc pro tunc from which he
can appeal. See Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986). We disagree with Clarke's
characterization of the February 24, 1998 motion and the September 3, 1999 judgment.

 The only basis for a motion for judgment nunc pro tunc is to correct a clerical error made in
the entering of a judgment as opposed to the rendering of a judgment after the trial court's plenary
power has expired. See id. Stated differently, if the judgment entered is the same as the judgment
rendered, regardless of whether the rendition is mistaken or otherwise incorrect, a trial court has no
ability to correct the judgment by nunc pro tunc after its plenary power expires. See America's
Favorite Chicken Co. v. Galvan, 897 S.W.2d 874, 877 (Tex. App.-San Antonio 1995, writ denied).
When determining whether a correction is of a judicial or a clerical error, we look to the judgment
actually rendered, not what judgment ought to have been rendered. Escobar, 711 S.W.2d at 231. 

 Applying this inquiry to the instant case, we conclude that Clarke's February 24, 1998 motion
sought to correct a judicial error rather than a clerical error. The reporter's record reveals that at the
trial's end the court orally found in favor of Arnell in the amount of $13,600. The written judgment
comports with that oral rendition. By his motion to modify, filed more than thirty days after the date
the judgment was signed, Clarke sought a substantive change in the judgment. That is, he argued
he was entitled to a reduction of damages in the amount of $500 - an amount of money awarded
from his Vanguard World Fund Account - because the recovery of such sum was neither plead for
nor tried by consent. Because this alleged error involved or was the result of judicial reasoning and
determination, it could not be corrected by a judgment nunc pro tunc. See Finlay v. Jones, 435
S.W.2d 136, 138 (Tex. 1968) (judicial error may not be corrected by judgment nunc pro tunc after
trial court's plenary jurisdiction expires). Thus, the September 3, 1999 judgment cannot be properly
characterized as a judgment nunc pro tunc.(2) Rather, it is a void judgment because it was entered after
the expiration of the trial court's plenary power.

 Because Clarke failed to file a motion new trial or a motion to modify, correct, or reform the
judgment within thirty days after the date the trial court's judgment was signed, Clarke was required
to perfect his appeal on or before January 7, 1998. Because he failed to do so, we dismiss his appeal
for lack of jurisdiction. See Tex. R. App. P. 42.3(a). Costs of appeal are taxed against appellant
Thomas Clarke.


 PER CURIAM

 

DO NOT PUBLISH




1. We base this conclusion on the opening paragraph of Clarke's motion. Referencing Rule of Civil Procedure
329b, Clarke states that he seeks to modify, correct, or reform the trial court's judgment of December 8, 1997. Clarke
avers that such motion is timely before the trial court because it is filed within ninety (90) days of the date the judgment
was signed.
2. Even if this judgment was properly characterized as a judgment nunc pro tunc, the same result would likely
obtain because a judgment nunc pro tunc does not extend the appellate timetable for any complaints about the original
judgment. See Tex. R. Civ. P. 306a (6), 329b (h).