Petition for Writ of Mandamus Denied Without Prejudice; Motion To
Dismiss Denied and En Banc Opinion filed October 20, 2003









Petition for Writ of
Mandamus Denied Without Prejudice; Motion To Dismiss
Denied and En Banc Opinion filed October 20, 2003.

 

In The

 

Fourteenth Court of Appeals

 

NO. 14-03-00137-CV

______

 

IN RE CLYDE E. GILLESPIE, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

E N   B A N C  
O P I N I O N

In this
original proceeding, relator, Clyde E. Gillespie, seeks a writ
of mandamus ordering the respondent, the Honorable Gladys B. Burwell, to vacate
her November 27, 2002 order setting aside a divorce decree.  Relator challenges the trial court=s plenary power to set aside the
decree.  Real parties in interest, Lora
E. Gillespie and intervenor, Jerry Hayes, filed a motion to dismiss this mandamus
proceeding.  We deny the writ of mandamus
and the motion to dismiss.

                                                               Background








After a
trial on the merits, a final divorce decree was entered on September 20, 2002,
dissolving the marriage of relator and Lora Gillespie.  Intervenor Hayes filed a timely request for
findings of fact and conclusions of law, and on October 22, 2002, the trial
court signed its findings and conclusions. 
Hayes then filed a ARequest for Amended and/or Additional Findings of Fact and
Conclusions of Law.@  A conference
regarding this request was conducted on November 6, 2002.  On that date, the trial judge ordered a
judgment nunc pro tunc be prepared and set for entry on November 22, 2002.  

The
record contains a subsequent letter addressed to Judge Burwell, from relator=s counsel, advising the judge that
the perceived error in the original judgment was not a clerical error, but a
judicial error; the trial court=s plenary power expired thirty days after the signing of the
original judgment, on October 21, 2002; and plenary power had not been extended
by the request for findings of fact and conclusions of law filed by Hayes.  On November 27, 2002, the trial court, on its
own motion, signed an order setting aside the previous judgment and granting a
new trial.  

Relator
filed a petition for writ of mandamus and a motion for temporary relief in this
court.  On March 10, 2003, we issued an
order, staying all proceedings in the trial court pending our disposition of this
mandamus proceeding.

I.  Plenary Power 

 

Relator
claims the November 27, 2002 order, setting aside the original judgment and
granting a new trial, is void because the trial court acted outside its plenary
power.  Contrarily, relying upon our
decision in Electronic Power Design, Inc. v. R.A. Hanson Co., 821 S.W.2d
170 (Tex. App.CHouston [14th Dist.] 1991, no writ),
real parties in interest claim the trial court=s plenary power was extended by the
request for findings of fact and conclusions of law.  

In Electronic
Power, this court held:








Texas Rule of Civil Procedure 329b(e)
extends the trial court=s plenary power over the judgment when a motion for
new trial or to vacate, modify, correct, or reform the judgment is filed.  We see no reason why, under the current
rules, the extension of the trial court=s
plenary power over its judgment should not also be triggered by the filing of a
request for findings of fact and conclusions of law.  We hold that the trial court had plenary
power over its judgment until 90 days after the signing of the judgment.

 

Id. at 171.  Real parties argue
the holding in Electronic Power is correct because if plenary power were
not extended, the trial court may be prevented from rendering the properly
requested findings of fact and conclusions of law.  Thus, we revisit our holding in Electronic
Power. 

Plenary power refers to that period
of time in which a trial court may vacate its judgment by granting a new trial,
or in which it may modify or correct its judgment.  See In re T.G., 68 S.W.3d 171, 176
(Tex. App.CHouston [1st Dist.] 2002, pet.
denied); see also Tex. R. Civ. P.
329b(d). 


By its plain language, Rule 329b sets
forth specifically the types of post-judgment action that will extend a trial
court=s plenary power:  

(d) The trial court, regardless of whether an appeal
has been perfected, has plenary power to grant a new trial or to vacate,
modify, correct, or reform the judgment within thirty days after the judgment
is signed.

(e) If a motion for new trial is timely filed by any
party, the trial court, regardless of whether an appeal has been perfected, has
plenary power to grant a new trial or to vacate, modify, correct, or reform the
judgment until thirty days after all such timely-filed motions are overruled,
either by a written and signed order or by operation of law, whichever occurs
first.

(g) A motion to modify, correct, or reform a judgment
(as distinguished from 
motion to correct the record of a judgment under Rule 316), if
filed, shall be filed and determined within the time prescribed by this rule
for a motion for new trial and shall extend the trial court=s plenary power and the time for perfecting an appeal
in the same manner as a motion for new trial.

 

 

Tex. R. Civ. P. 329b(d)-(e).  








In Lane
Bank Equipment Co. v. Smith Southern Equipment, Inc., the Texas Supreme
Court addressed the types of post-judgment motions extending a trial
court=s plenary power, and stated in no
uncertain terms that Aany change to a judgment made by the trial court while it
retains plenary jurisdiction will restart the appellate timetable under Rule 329b(h), but only a motion seeking a substantive change
will extend the appellate deadlines and the court=s plenary power under Rule 329b(g).@ 
10 S.W.3d 308, 313 (Tex. 2000) (citations omitted) (emphasis added).  

Applying
Lane, the First Court of Appeals stated a trial court=s plenary power is extended only by
the filing of appropriate post-judgment motions, such as, motions for new trial
or motions to modify, correct, or reform the judgment under rule 329b(g).  In re T.G., 68
S.W.3d at 176.  Specifically, the
First Court of Appeals noted:

[a]lthough
any change in the trial court=s judgment will restart the appellate-timetable and plenary-power
rules under 329b(h), a rule 329b motion for new trial
or to modify, correct, or reform the judgment, or a motion that has the same
effect, is the only means by which a party may extend the . . . trial court=s plenary power over its judgment.  

Id. 








A
request for findings of fact and conclusions of law does not seek a substantive
change in the judgment.  This was
recognized in Pursley v. Ussery, 982 S.W.2d 596, 599  (Tex. App.CSan Antonio 1998, pet. denied), in
which the San Antonio Court of Appeals held that a request for findings and
conclusions does not extend the trial court=s plenary power.  In reaching this conclusion, the Pursley
court first noted that a request for findings and conclusions is not included
in Rule 329b as one of the post-judgment motions that extends a trial court=s plenary power.  Id. 
The court also observed that, because Rule 329b does not mention a
request for findings and conclusions, many prominent commentators have
concluded that a trial court=s plenary power is not extended by requests for findings of
fact and conclusions of law.  Id.
(citing to Elaine A. Carlson, Perfecting the Civil Appeal to the Courts of
Appeals in Jury and Nonjury Cases, in Matthew Bender & Southern Methodist Univ. School of Law,
Practicing Law Under the New Rules of Trial and Appellate Procedure at
7-21 (Nov. 7B 8, 1997); Ann Crawford McClure &
Richard D. Orsinger, Are Non-Jury Trials Ever AAppealing@? 
Attacking and Defending Judgments From Non-Jury
Trials, in State Bar of Texas 12th Annual Advanced Civil
Appellate Practice Course at I-10 (Sept. 1998)).  

Findings
of fact and conclusions of law, if made by the trial court, do not vacate or
change the judgment, they merely explain the reasons for the judgment.  See Pursley, 982 S.W.2d at 599 n.2.  Thus,
even if a trial court=s plenary power has expired, the trial court is not prevented
from entering properly requested findings and conclusions.  Jefferson County Drainage Dist. No. 6 v.
Lower Neches Valley Auth., 876 S.W.2d 940, 959 (Tex. App.CBeaumont 1994, writ denied).  

Also, we
note that although Texas Rule of Appellate Procedure 26.1 includes a timely
filed request for findings and conclusions as extending the deadline for filing
a notice of appeal, this does not mean that the request also extends a trial
court=s plenary power.  Cf. Pursley, 982 S.W.2d at 599 n.2 (distinguishing a case based upon its discussion of
extending the appellate timetable as opposed to extending plenary power).

Guided
by these authorities and the plain language of Rule 329b, we conclude  that a trial court=s plenary power is extended by the
timely filing of (1) a motion for new trial; (2) motion to vacate, modify, or
correct the judgment; or (3) any motion seeking a substantive change in the
court=s judgment.  See Lane, 10 S.W.3d
at 313.  This does not include,
however, a request for findings of fact and conclusions of law.  See Pursley, 982
S.W.2d at 599.








Further,
we find the holding in Electronic Power conflicts with the above-quoted
sections of Rule 329b to the extent it concludes a request for findings of fact
and conclusions of law extends the trial court=s plenary power.  Moreover, there is no indication in the text
of Rule 329b to suggest that a request for findings and conclusions operates to
extend the trial court=s plenary jurisdiction. 
Because plenary power is the time within which a trial court may change
or withdraw its judgment, there is no reason to extend this period when a
motion challenging the judgment has not been filed and instead, only a request
for an explanation of the bases for the court=s judgment is made.  Finding a portion of Electronic Power wrongly
decided, the en banc court overrules it to the extent
it holds that a request for findings of fact and conclusions of law extends the
trial court=s plenary power.  We now address the issue of mandamus.

II. 
Mandamus 

Mandamus
relief is available if the trial court abuses its discretion and there is no
adequate remedy by appeal.  Walker v. Packer, 827 S.W.2d 833, 839B
40 (Tex. 1992). A trial court abuses its discretion when it acts without
reference to any guiding rules or principles, or in an arbitrary or
unreasonable manner.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42
(Tex. 1985).   Generally, mandamus is appropriate to set
aside an order for new trial that is granted after the court=s plenary power expires, and is
therefore void.  In
re Dickason, 987 S.W.2d 570, 571 (Tex. 1998).  Under these circumstances, a relator does not
have an adequate remedy by appeal and is entitled to mandamus relief.  Id.  However, it is also true that a trial court
should not be said to have abused its discretion by following existing law,
even if that law should be changed or is no longer valid.  In re Smith Barney, Inc.,
975 S.W.2d 593, 599 (Tex. 1998). 
According to the Texas Supreme Court, in a mandamus proceeding, an
appellate court can overrule one of its precedents; however, if it does so, the
higher court should deny mandamus relief and allow the lower court to
reconsider its decision in light of the change. 
Id.  








Here,
the trial court issued its judgment on September 20, 2002.  Hayes timely filed a request for findings of
fact and conclusions of law on October 7, 2002, extending the time for
perfection of an appeal to December 19, 2002. 
Although the request for findings and conclusions extended the time for
perfecting the appeal, we hold that the filing of the request for findings and
conclusions did not extend the trial court=s plenary power.  Because no motion under Rule 329b was filed,
the trial court=s plenary power expired on October 21, 2002, or
thirty days after the trial court signed its judgment.  However, based upon our holding in Electronic
Power, the trial judge signed an order on November 27, 2002 C outside its plenary power C vacating its September 20, 2002
judgment and granting a new trial.    

Thus,
under the circumstances of this case, we are faced with a somewhat novel
situation: we have before us an order granting a new trial, determined to be
void because it was issued outside the court=s plenary power; however, in issuing
the order, the trial court relied upon our binding precedent.  Following the dictates of Smith Barney,
because the trial court relied on our precedent at the time the November 27,
2002 order was signed, we find the court did not abuse its discretion.  We are confident the trial court will
reconsider its order in light of our conclusion, that a request for findings of
fact and conclusions of law does not extend a court=s plenary power.  However, we deny mandamus relief without
prejudice.  See id. at 598; see also
Tex. R. Civ. P. 329b(f) (stating that, even after expiration of plenary
power, the trial court retains power to sign an order declaring a previous
order or judgment void because it was signed after the court=s plenary power expired).  We now address real parties= motion to dismiss.   

                                         III.  Motion to Dismiss

                                     A.  Authority of Guardian Ad Litem

 

In their
motion to dismiss, real parties claim the guardian for Clyde Gillespie does not
have the authority to bring this action. 
The guardian, Richard Barton, was appointed by the Probate Court of
Galveston on May 2, 2001.  Real parties
cite to section 659(b) of the Probate Code in support of their argument.  Tex. Prob. Code ' 659(b).  Section 659(b) provides that all letters of
guardianship expire one year and four months after the date of issuance unless
renewed.  Id.  Real parties claim the court=s docket sheet indicates Barton did
not renew and, therefore, the guardianship expired and Barton has no authority
to bring this original proceeding. 








In his
reply to the response, relator attached a copy of an order signed by the trial
court on February 25, 2003, issuing new letters of guardianship and approving
the First Amended Annual Account.  Section
659(d) provides that a renewal of letters of guardianship relates back to the
date the original letters of guardianship were issued except under
circumstances not applicable here.  See
id. at ' 659(d).  Thus, the legal guardianship did not
expire.  

Real
parties complain that, by waiting until February 3, 2003, to file this
mandamus, relator has deprived them of the opportunity to perfect an
appeal.  We disagree.  Real parties were aware, as early as
November, of the possibility the trial court=s plenary power had expired as they
were sent copies of the letter written by Gillespie=s counsel.  At that time, real parties had more than a
month before their notice of appeal was due. 
Thus, we are not persuaded by real parties= argument. 

                           B.  Permission of Trial Court Not Required

Real
parties also complain that relator was required to seek permission from the trial
court to bring this mandamus proceeding because it is not one of the
statutorily authorized actions a legal guardian may bring under sections 773
and 774 of the Probate Code.  Tex. Prob. Code '' 773, 774.    

Sections 773 and 774 of the Probate Code apply to various
types of suits a guardian may bring, with or without court approval; they are
not applicable to appeals or original proceedings.  See id.  However, section 768 of the Probate Code
allows a guardian to Abring and defend suits by or against the ward.@ 
Id.  Thus, we reject real parties= argument and accordingly, deny their motion to dismiss.           

 

/s/        Eva M.
Guzman

Justice

 

Petition Denied Without Prejudice,
Motion to Dismiss Denied, and En Banc Opinion filed October 20, 2003.

En Banc court includes Chief
Justice Brister, and Justices Yates, Anderson, Hudson, Fowler, Edelman, Frost,
Seymore, and Guzman.