**In re Clyde E. GILLESPIE, Relator.**

**No. 14–03–00137–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 20, 2003.

Rehearing Overruled Jan. 29, 2004.

---

Susan Marie Edmonson, Seabrook, Paul Randall Koenig, Baytown, for relator.

Maroulia Lynn Pontikas, Patrick Reilly, Galveston, for respondent.

Patrick Reilly, for Jerry Hayes.

En Banc court includes Chief Justice BRISTER, and Justices YATES, ANDERSON, HUDSON, FOWLER, EDELMAN, FROST, SEYMORE, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

In this original proceeding, relator, Clyde E. Gillespie, seeks a writ of mandamus ordering the respondent, the Honorable Gladys B. Burwell, to vacate her November 27, 2002 order setting aside a divorce decree. Relator challenges the trial court's plenary power to set aside the decree. Real parties in interest, Lora E. Gillespie and intervenor, Jerry Hayes, filed a motion to dismiss this mandamus proceeding. We deny the writ of mandamus and the motion to dismiss.

### BACKGROUND

After a trial on the merits, a final divorce decree was entered on September 20, 2002, dissolving the marriage of relator and Lora Gillespie. Intervenor Hayes filed a timely request for findings of fact and conclusions of law, and on October 22, 2002, the trial court signed its findings and conclusions. Hayes then filed a "Request for Amended and/or Additional Findings of Fact and Conclusions of Law." A conference regarding this request was conducted on November 6, 2002. On that date, the trial judge ordered a judgment nunc pro tunc be prepared and set for entry on November 22, 2002.

The record contains a subsequent letter addressed to Judge Burwell, from relator's counsel, advising the judge that the perceived error in the original judgment was not a clerical error, but a judicial error; the trial court's plenary power expired thirty days after the signing of the original judgment, on October 21, 2002; and plenary power had not been extended by the request for findings of fact and conclusions of law filed by Hayes. On November 27, 2002, the trial court, on its own motion, signed an order setting aside the previous judgment and granting a new trial.

Relator filed a petition for writ of mandamus and a motion for temporary relief in this court. On March 10, 2003, we issued an order, staying all proceedings in

the trial court pending our disposition of this mandamus proceeding.

## I. PLENARY POWER

Relator claims the November 27, 2002 order, setting aside the original judgment and granting a new trial, is void because the trial court acted outside its plenary power. Contrarily, relying upon our decision in *Electronic Power Design, Inc. v. R.A. Hanson Co.*, 821 S.W.2d 170 (Tex. App.-Houston [14th Dist.] 1991, no writ), real parties in interest claim the trial court's plenary power was extended by the request for findings of fact and conclusions of law.

In *Electronic Power*, this court held:

> Texas Rule of Civil Procedure 329b(e) extends the trial court's plenary power over the judgment when a motion for new trial or to vacate, modify, correct, or reform the judgment is filed. We see no reason why, under the current rules, the extension of the trial court's plenary power over its judgment should not also be triggered by the filing of a request for findings of fact and conclusions of law. We hold that the trial court had plenary power over its judgment until 90 days after the signing of the judgment.

*Id.* at 171. Real parties argue the holding in *Electronic Power* is correct because if plenary power were not extended, the trial court may be prevented from rendering the properly requested findings of fact and conclusions of law. Thus, we revisit our holding in *Electronic Power.*

■ Plenary power refers to that period of time in which a trial court may vacate its judgment by granting a new trial, or in which it may modify or correct its judgment. *See In re T.G.*, 68 S.W.3d 171, 176 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *see also* TEX.R. CIV. P. 329b(d).

By its plain language, Rule 329b sets forth specifically the types of post-judgment action that will extend a trial court's plenary power:

> (d) The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.

> (e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty·days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

> (g) A motion to modify, correct, or reform a judgment (as distinguished from motion to correct the record of a judgment under Rule 316), if filed, shall be filed and determined within the time prescribed by this rule for a motion for new trial and shall extend the trial court's plenary power and the time for perfecting an appeal in the same manner as a motion for new trial.

TEX.R. CIV. P. 329b(d)-(e).

In *Lane Bank Equipment Co. v. Smith Southern Equipment, Inc.*, the Texas Supreme Court addressed the types of post-judgment motions extending a trial court's plenary power, and stated in no uncertain terms that "any change to a judgment made by the trial court while it retains plenary jurisdiction will restart the appellate timetable under Rule 329b(h), but *only a motion seeking a substantive change* will extend the appellate deadlines and the court's plenary power under Rule 329b(g)." 10 S.W.3d 308, 313 (Tex.2000) (citations omitted) (emphasis added).

Applying *Lane*, the First Court of Appeals stated a trial court's plenary power is extended only by the filing of appropriate post-judgment motions, such as, motions for new trial or motions to modify, correct, or reform the judgment under rule 329b(g). *In re T.G.*, 68 S.W.3d at 176. Specifically, the First Court of Appeals noted:

> [a]lthough any change in the trial court's judgment will restart the appellate-timetable and plenary-power rules under 329b(h), a rule 329b motion for new trial or to modify, correct, or reform the judgment, or a motion that has the same effect, is the only means by which a party may extend the ... trial court's plenary power over its judgment.

*Id.*

A request for findings of fact and conclusions of law does not seek a substantive change in the judgment. This was recognized in *Pursley v. Ussery*, 982 S.W.2d 596, 599 (Tex.App.-San Antonio 1998, pet. denied), in which the San Antonio Court of Appeals held that a request for findings and conclusions does *not* extend the trial court's plenary power. In reaching this conclusion, the *Pursley* court first noted that a request for findings and conclusions is not included in Rule 329b as one of the post-judgment motions that extends a trial court's plenary power. *Id.* The court also observed that, because Rule 329b does not mention a request for findings and conclusions, many prominent commentators have concluded that a trial court's plenary power is not extended by requests for findings of fact and conclusions of law. *Id.* (citing to Elaine A. Carlson, *Perfecting the Civil Appeal to the Courts of Appeals in Jury and Nonjury Cases, in* MATTHEW BENDER & SOUTHERN METHODIST UNIV. SCHOOL OF LAW, PRACTICING LAW UNDER THE NEW RULES OF TRIAL AND APPELLATE PROCEDURE at 7–21 (Nov. 7–8, 1997); Ann Crawford McClure & Richard D. Orsinger, *Are Non–Jury Trials Ever "Appealing"? Attacking and Defending Judgments From Non–Jury Trials, in* STATE BAR OF TEXAS 12TH ANNUAL ADVANCED CIVIL APPELLATE PRACTICE COURSE at I–10 (Sept.1998)).

Findings of fact and conclusions of law, if made by the trial court, do not vacate or change the judgment, they merely explain the reasons for the judgment. *See Pursley*, 982 S.W.2d at 599 n. 2. Thus, even if a trial court's plenary power has expired, the trial court is not prevented from entering properly requested findings and conclusions. *Jefferson County Drainage Dist. No. 6 v. Lower Neches Valley Auth.*, 876 S.W.2d 940, 959 (Tex.App.-Beaumont 1994, writ denied).

Also, we note that although Texas Rule of Appellate Procedure 26.1 includes a timely filed request for findings and conclusions as extending the deadline for filing a notice of appeal, this does not mean that the request also extends a trial court's plenary power. *Cf. Pursley*, 982 S.W.2d at 599 n. 2 (distinguishing a case based upon its discussion of extending the appellate timetable as opposed to extending plenary power).

Guided by these authorities and the plain language of Rule 329b, we conclude that a trial court's plenary power is extended by the timely filing of (1) a motion for new trial; (2) motion to vacate, modify, or correct the judgment; or (3) any motion seeking a substantive change in the court's judgment. *See Lane*, 10 S.W.3d at 313. This does not include, however, a request for findings of fact and conclusions of law. *See Pursley*, 982 S.W.2d at 599.

Further, we find the holding in *Electronic Power* conflicts with the above-quoted sections of Rule 329b to the extent it concludes a request for findings of fact and

conclusions of law extends the trial court's plenary power. Moreover, there is no indication in the text of Rule 329b to suggest that a request for findings and conclusions operates to extend the trial court's plenary jurisdiction. Because plenary power is the time within which a trial court may change or withdraw its judgment, there is no reason to extend this period when a motion challenging the judgment has not been filed and instead, only a request for an explanation of the bases for the court's judgment is made. Finding a portion of *Electronic Power* wrongly decided, the en banc court overrules it to the extent it holds that a request for findings of fact and conclusions of law extends the trial court's plenary power. We now address the issue of mandamus.

## II. Mandamus

Mandamus relief is available if the trial court abuses its discretion and there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). Generally, mandamus is appropriate to set aside an order for new trial that is granted after the court's plenary power expires, and is therefore void. *In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998). Under these circumstances, a relator does not have an adequate remedy by appeal and is entitled to mandamus relief. *Id.* However, it is also true that a trial court should not be said to have abused its discretion by following existing law, even if that law should be changed or is no longer valid. *In re Smith Barney, Inc.*, 975 S.W.2d 593, 599 (Tex.1998). According to the Texas Supreme Court, in a mandamus proceeding, an appellate court can overrule one of its

precedents; however, if it does so, the higher court should deny mandamus relief and allow the lower court to reconsider its decision in light of the change. *Id.*

Here, the trial court issued its judgment on September 20, 2002. Hayes timely filed a request for findings of fact and conclusions of law on October 7, 2002, extending the time for perfection of an appeal to December 19, 2002. Although the request for findings and conclusions extended the time for perfecting the appeal, we hold that the filing of the request for findings and conclusions did *not* extend the trial court's plenary power. Because no motion under Rule 329b was filed, the trial court's plenary power expired on October 21, 2002, or thirty days after the trial court signed its judgment. However, based upon our holding in *Electronic Power*, the trial judge signed an order on November 27, 2002—outside its plenary power—vacating its September 20, 2002 judgment and granting a new trial.

Thus, under the circumstances of this case, we are faced with a somewhat novel situation: we have before us an order granting a new trial, determined to be void because it was issued outside the court's plenary power; however, in issuing the order, the trial court relied upon our binding precedent. Following the dictates of *Smith Barney*, because the trial court relied on our precedent at the time the November 27, 2002 order was signed, we find the court did not abuse its discretion. We are confident the trial court will reconsider its order in light of our conclusion, that a request for findings of fact and conclusions of law does not extend a court's plenary power. However, we deny mandamus relief without prejudice. *See id.* at 598; *see also* Tex.R. Civ. P. 329b(f) (stating that, even after expiration of plenary power, the trial court retains power

to sign an order declaring a previous order or judgment void because it was signed after the court's plenary power expired). We now address real parties' motion to dismiss.

### III. MOTION TO DISMISS

#### A. AUTHORITY OF GUARDIAN AD LITEM

In their motion to dismiss, real parties claim the guardian for Clyde Gillespie does not have the authority to bring this action. The guardian, Richard Barton, was appointed by the Probate Court of Galveston on May 2, 2001. Real parties cite to section 659(b) of the Probate Code in support of their argument. TEX. PROB.CODE § 659(b). Section 659(b) provides that all letters of guardianship expire one year and four months after the date of issuance unless renewed. *Id.* Real parties claim the court's docket sheet indicates Barton did not renew and, therefore, the guardianship expired and Barton has no authority to bring this original proceeding.

In his reply to the response, relator attached a copy of an order signed by the trial court on February 25, 2003, issuing new letters of guardianship and approving the First Amended Annual Account. Section 659(d) provides that a renewal of letters of guardianship relates back to the date the original letters of guardianship were issued except under circumstances not applicable here. *See id.* at § 659(d). Thus, the legal guardianship did not expire.

Real parties complain that, by waiting until February 3, 2003, to file this mandamus, relator has deprived them of the opportunity to perfect an appeal. We disagree. Real parties were aware, as early as November, of the possibility the trial court's plenary power had expired as they were sent copies of the letter written by Gillespie's counsel. At that time, real par-

ties had more than a month before their notice of appeal was due. Thus, we are not persuaded by real parties' argument.

#### B. PERMISSION OF TRIAL COURT NOT REQUIRED

Real parties also complain that relator was required to seek permission from the trial court to bring this mandamus proceeding because it is not one of the statutorily authorized actions a legal guardian may bring under sections 773 and 774 of the Probate Code. TEX. PROB. CODE §§ 773, 774.

Sections 773 and 774 of the Probate Code apply to various types of suits a guardian may bring, with or without court approval; they are not applicable to appeals or original proceedings. *See id.* However, section 768 of the Probate Code allows a guardian to "bring and defend suits by or against the ward." *Id.* Thus, we reject real parties' argument and accordingly, deny their motion to dismiss.