Affirmed and Memorandum Opinion filed March 24, 2009








Affirmed and Memorandum Opinion filed March 24, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00519-CV

____________

 

RIKU MELARTIN AND DAJO, INC., Appellants

 

V.

 

CR&R, INC., Appellee

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 2003-00464

 



 

M E M O R A N D U M   O P I N I O N

Appellants Riku Melartin and Dajo, Inc., appeal from a
judgment in favor of appellee CR&R, Inc. following a bench trial.  Melartin
and Dajo contend that (1) the trial court committed reversible error by filing
untimely findings of fact and conclusions of law; (2) the evidence is legally
and factually insufficient to support the trial court=s findings that
(i) the leased premises were not totally destroyed by fire, and (ii) CR&R
properly accelerated rent payments due; and (3) the trial court=s damages calculation failed to
credit Melartin and Dajo for an $8,000 security deposit paid to CR&R.  We affirm.








Background

Melartin signed a commercial lease with CR&R on August
1, 1999 for premises located at 5920 Bellaire Boulevard in Houston.  The lease
term ran from August 1, 1999 to July 31, 2004.  Melartin signed a sublease with
Dajo on August 2, 1999 for the same premises.  Melartin purchased all of Dajo=s stock in August
1999.  Under the terms of the main lease and sublease, Dajo promised to comply
with all of Melartin=s obligations and liabilities under the
main lease.  The main lease and the sublease defined the leased premises as a
parcel of real property described by metes and bounds and a frame building
consisting of approximately 3,000 square feet located thereon.

Rent under the main lease began at $8,000 per month.  The
main lease called for annual increases in the monthly rent computed according
to a formula contained within the lease.  The main lease also stated that
failure to timely pay rent or other payments due under the lease constituted
default unless cured within 10 days of written notice to the lessee.  In the
event of default, Article 14.02(a) of the main lease provided that CR&R
could terminate the lease; retake possession of the leased premises; and recover
(1) unpaid rent due at the time of termination plus interest thereon, (2) any
other amounts necessary to compensate lessor for all of the detriment
proximately caused by lessee=s failure to perform, and (3) the sum
equal to the total remaining unpaid rent for the unexpired portion of the term
and all other payments lessee would have been required to pay under the lease
for the same period.    Article 2.05 of the main lease required Melartin to pay
an $8,000 security deposit to CR&R Acoincident with
the issuance of a letter of intent regarding the execution@ of the main
lease.  Melartin paid CR&R this security deposit.  Article 2.05 also gave CR&R
the right to apply any part of the security deposit to cure any default of the
lessee.  CR&R had authority under Article 2.05 to Ause and apply or
retain the whole or any part of the security to the extent required for the
payment of any rent, additional rent, or any other sum or debt as to which the
Lessee is in default.@








Article 12.02 of the main lease, entitled ATotal Destruction,@ addressed damage
or destruction of the leased premises.  Article 12.02 of the main lease states
that if the leased premises Ashould be totally destroyed by fire . . . or
if it should be so damaged by such a cause that rebuilding or repairs cannot
reasonably be completed within [60] working days and at a cost not to exceed
[$200,000], this lease shall terminate, and rent shall be abated . . . .@  Article 12.03,
entitled APartial Destruction,@ did not provide
for automatic abatement of rent if the leased premises were damaged but could
reasonably be repaired within 60 working days and at a cost of no more than
$200,000.[1]


Melartin and Dajo ceased paying rent to CR&R after November
2001.  A fire damaged the leased premises on June 13, 2002.  Melartin and Dajo
gave written notice to CR&R about the fire as required by the main lease on
June 14, 2002.  On June 21, 2002, CR&R=s accountant, Luther
Henderson, gave written notice to Melartin and Dajo that they were in default
of the main lease for failure to pay rent for the period from December 2001 to
June 2002, and that the matter was being turned over to CR&R=s owner, Leroy
Christiansen.  








Henderson testified that he told Melartin and Dajo before
the fire that they were in arrears, but he was unable to specify when he gave
notice to Melartin and Dajo.  Henderson testified that the June 21, 2002 notice
was the first written contact notifying Melartin and Dajo of their failure to
pay rent and the need to cure default.  Henderson also testified that no late
fees were assessed to Melartin and Dajo before the lawsuit, and that rent was
not accelerated until after the June 13, 2002 fire.

CR&R sued Melartin and Dajo in Harris County district
court on January 6, 2003.  CR&R sold the leased premises to a third party
in July 2003.  The case was tried to the court on November 8, 2004, after the
parties waived a jury trial.  At the time of trial, CR&R=s live pleadings
asserted claims for (1) breach of contract stemming from Melartin=s and Dajo=s failure to pay
rent and late fees and to maintain insurance on the leased premises with
CR&R as a named insured; (2) negligent misrepresentation based on Melartin=s and Dajo=s representation
that they had insured the premises and named CR&R as an insured; and (3)
fraud based on Melartin=s and Dajo=s representation
that they had insured the premises and named CR&R as an insured.

CR&R sought damages at trial for unpaid rent plus 18
percent interest and taxes for the period from December 2001 through March
2004.  Both parties tried the case based upon the formula found in Article
12.02 that required $200,000 in damage to the leased premises before the
obligation to pay rent would abate.  The record indicates that the trial court
also applied this formula in deciding the case.

To establish that the obligation to pay rent had not been
abated under Article 12.02 due to the fire, CR&R introduced as evidence a
repair estimate of $185,108.64 for fire damage to the building located on the
leased premises.  Because this amount was less than the $200,000 threshold,
CR&R contended that the leased premises had not been totally destroyed and
that the obligation to pay rent had not been abated.  

Dajo introduced documentary evidence that its business
personal property loss as a result of the June 13, 2002 fire was $147,929.10. 
Melartin testified at trial that it would cost approximately $103,000 to
replace the interior features of the business located on the leased premises. 
Adding these sums to CR&R=s $185,108.64 repair estimate, Melartin
and Dajo argued that the $200,000 threshold under the Article 12.02 formula had
been satisfied.








The trial court signed a judgment in favor of CR&R on
January 31, 2005, awarding actual damages of $247,640.38.  Melartin and Dajo
appeal from this judgment.

Melartin and Dajo timely filed a request for findings of
fact and conclusions of law with the trial court on February 21, 2005.  On
March 22, 2005, Melartin and Dajo timely filed a notice of past due findings of
fact and conclusions of law.  Melartin and Dajo filed a notice of appeal on May
16, 2005.[2] 
The trial court signed findings of fact and conclusions of law on June 16,
2005, and they were filed the same day.

The trial court found that (1) the leased premises were not
totally destroyed under Article 12.02; and (2) CR&R properly accelerated
rent payments due.  The trial court also found that CR&R was entitled to
recover actual damages of $247,640.38 caused by Melartin=s and Dajo=s breach of
contract, negligent misrepresentation, and fraud.

Analysis

Melartin and Dajo contend on appeal that the trial court=s failure to make
timely findings of fact and conclusions of law constitutes reversible error. 
Melartin and Dajo further contend that the evidence is legally and factually
insufficient to support the trial court=s findings that
(1) the leased premises were not totally destroyed by the June 13, 2002 fire;
and (2) CR&R properly accelerated rent payments due.  Melartin and Dajo
also contend that the trial court erred by not reducing the damages awarded to
CR&R by $8,000 to reflect credit for their security deposit.

 

 

 








I.        Untimely
Findings of Fact and Conclusions of Law

Melartin and Dajo ask this court to reverse the trial court=s judgment based
upon the trial court=s failure to file timely findings of fact
and conclusions of law under Texas Rule of Civil Procedure 297.

After a bench trial in a district court, any party may
request the court to state in writing its findings of fact and conclusions of
law.  Tex. R. Civ. P. 296.  Such a request must be filed within 20 days after
the judgment is signed.  Id.  The trial court must file its findings of
fact and conclusions of law within 20 days after a timely request is filed. 
Tex. R. Civ. P. 297.  If the trial court fails to file timely findings of fact
and conclusions of law, the requesting party must file a notice of past due
findings of fact and conclusions of law within 30 days after filing the
original request.  Id.  Upon filing this notice, the time for the court
to file findings of fact and conclusions of law is extended to 40 days after
the original request was filed.  Id.

In computing time prescribed or allowed by the Texas Rules
of Civil Procedure, the day of the event after which the designated time period
begins to run is not counted.  Tex. R. Civ. P. 4.  The last day of any period
longer than five days so computed is to be included unless it is a Saturday,
Sunday, or legal holiday, in which event the period runs until the end of the
next day which is not a Saturday, Sunday, or legal holiday.  Id.

The trial court signed its final judgment on January 31,
2005.  Melartin and Dajo had until February 20, 2005 to file their request for
findings of fact and conclusions of law.  See Tex. R. Civ. P. 296. 
Because February 20, 2005 was a Sunday, the deadline to file was extended until
February 21, 2005 _ the date on which Melartin and Dajo filed their
request.  See Tex. R. Civ. P. 4.  Thus, the original request for
findings of fact and conclusions of law was timely.  See id.








After the trial court failed to file findings of fact and
conclusions of law, Melartin and Dajo had until March 23, 2005 _ 30 days after
filing their original request _ to file a notice of past due findings of
fact and conclusions of law.  See Tex. R. Civ. P. 297.  Melartin and
Dajo timely filed this notice on March 22, 2005.  See id.  Once this
notice was filed, the trial court was required to file findings of fact and
conclusions of law by April 2, 2005.  See id.  The trial court did not sign
and file its findings of fact and conclusions of law until June 16, 2005.

If proper presentation of a case on appeal is prevented by
a trial court=s failure to make requested findings of fact and
conclusions of law, the proper remedy is to abate the appeal and direct the
trial court to make findings and conclusions pursuant to Texas Rule of
Appellate Procedure 44.4(b).  Acad. Corp. v. Interior Buildout & Turnkey
Constr., Inc., 21 S.W.3d 732, 739 n.1 (Tex. App._Houston [14th
Dist.] 2000, no pet.).  Here, no purpose would be served by abatement because
the trial court corrected its failure to act by filing findings of fact and
conclusions of law on June 16, 2005.  We can consider the late-filed findings
and conclusions on appeal.  See In re Gillespie, 124 S.W.3d 699, 703
(Tex. App._Houston [14th Dist.] 2003, orig. proceeding) (en banc) (AThus, even if a
trial court=s plenary power has expired, the trial court is not
prevented from entering properly requested findings and conclusions.@).  Melartin and
Dajo were not prejudiced by the trial court=s delay because
the findings of fact and conclusions of law were on file almost three months
before they filed their original appellate brief.

We overrule Melartin=s and Dajo=s issue regarding
the trial court=s untimely filing of findings of fact and
conclusions of law.

II.       Legal
and Factual Sufficiency








Melartin and Dajo challenge the legal and factual
sufficiency of the evidence to support the trial court=s findings on the
breach of contract claim.  Melartin and Dajo contend that insufficient evidence
supports the finding that the leased premises were not totally destroyed by the
June 13, 2002 fire so as to abate appellants= obligation to pay
rent.  Melartin and Dajo also challenge the legal and factual sufficiency of
the evidence to support the finding that CR&R properly accelerated rent
payments due under the main lease.

We need not address these arguments because the trial court=s findings of fact and conclusions of
law establish that the judgment in favor of CR&R was based not only on its
breach of contract claim, but also on its negligent misrepresentation and fraud
claims.  The negligent misrepresentation and fraud findings are not challenged
on appeal.  When a separate and independent ground that supports the trial court=s judgment is not
challenged on appeal, we must affirm the judgment.  Page v. Hulse, No. 14-06-00731-CV, 2007 WL
2127717, at *3 (Tex. App._Houston [14th Dist.] July 26, 2007, pet. denied) (mem. op.).

Furthermore,
alternative unchallenged bases for the trial court=s finding of breach of contract also
exist.  In addition to the failure to pay rent, the trial court found that
appellants breached the main lease by failing to (1) obtain appropriate
insurance coverages under the lease; (2) pay a five percent penalty for each
month of delinquent rental payments; (3) notify CR&R that they had changed
insurance coverage; and (4) relinquish control of the leased premises when
specifically requested.  These unchallenged findings establish further
alternative bases for affirming the trial court=s judgment.  See id.

We
overrule Melartin=s and Dajo=s issue regarding legal and factual sufficiency of the
evidence to support the trial court=s findings that (1) the leased
premises were not totally destroyed by fire; and (2) CR&R properly
accelerated rent payments due under the main lease.

III.       Failure to Credit Melartin
and Dajo for Security Deposit  

Melartin and Dajo contend that the trial court erred by
failing to offset the damages awarded to CR&R by $8,000 to reflect credit
for their security deposit.  Melartin and Dajo did not plead offset as an
affirmative defense before trial, raising the issue only after the trial court
awarded damages to CR&R.








The right of offset is an affirmative defense, and the
burden of pleading it and of proving facts necessary to support it are on the
party making the assertion.  Brown v. Am. Transfer & Storage Co.,
601 S.W.2d 931, 936 (Tex. 1980); see also Tex. R. Civ. P. 94.  The
failure to plead offset forecloses review of this argument.  See Brown,
601 S.W.2d at 936.

We overrule Melartin=s and Dajo=s issue regarding
the asserted failure of the trial court to offset the damages awarded to
CR&R by the amount of the security deposit.

Conclusion

The trial court=s judgment is
affirmed.

 

 

 

 

/s/      William J. Boyce

Justice

 

 

 

 

Panel consists of
Justices Frost, Brown, and Boyce.









[1]           In their reply brief, Melartin and Dajo
argue for the first time that Article 12.02 provides for abatement of rent if
the leased premises is Atotally destroyed by fire@ regardless of whether Arebuilding or repairs cannot reasonably be completed within [60]
working days and at a cost not to exceed . . . [$200,000].@  At trial and in their opening brief, Melartin and
Dajo treated the two measures found in Article 12.02 as one and the same.  We
do not consider arguments raised for the first time in a reply brief.  See
Zamarron v. Shinko Wire Co., 125 S.W.3d 132, 139 (Tex. App._Houston [14th Dist.] 2003, pet. denied); Tex. R. App.
P. 38.3.  We also do not consider the following arguments raised by Melartin
and Dajo for the first time in their reply brief: (1) CR&R=s failure to rebuild within 60 days constitutes a
breach of contract; (2) Melartin and Dajo were not required to insure the
leased premises; and (3) CR&R breached the lease by failing to honor
Melartin=s and Dajo=s
right of first refusal before selling the property to a third party.  See
Zamarron, 125 S.W.3d at 139; Tex. R. App. P. 38.3. 





[2]           Dajo filed for bankruptcy on November 3,
2005, and an order was issued on December 22, 2005, abating the appeal in this
case.  See 11 U.S.C. _ 362 (2000).  Appellants
filed a motion to reinstate the appeal on October 10, 2008, and amended this
motion on October 14, 2008.  Appellants=
motion was granted and an order was issued reinstating the appeal on October
16, 2008.