**ELECTRONIC POWER DESIGN, INC., and Gulf Power Systems, Inc., Appellants,**

**v.**

**R.A. HANSON COMPANY, INC., Appellee.**

**No. B14–91–0032–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 2, 1991.

Warren W. Harris, Jesse R. Pierce, Houston, for appellants.

F. Barham Lewis, Jr., John T. Polasek, Houston, for appellee.

Before PRESSLER, JUNELL and ELLIS, JJ.

**ORDER**

PER CURIAM.

This is an appeal from a judgment in a suit on sworn accounts brought by Elec-

tronic Power Design, Inc. (EPD) and Gulf Power Systems, Inc. (GPS). R.A. Hanson, appellee, filed a special appearance contesting the trial court's jurisdiction. The trial court sustained Hanson's special appearance and dismissed the case with prejudice. In four points of error, appellants complain of the trial court's failure to file findings of fact and conclusions of law and its order sustaining of appellee's special appearance. Concluding the trial court erred in failing to file findings of fact and conclusions of law, we abate the appeal and order the trial court to file findings and conclusions.

The trial court signed its judgment sustaining the special appearance and dismissing the case on December 6, 1990. Appellants filed their first request for findings of fact and conclusions of law on December 11, 1990. Appellants filed their notice of past due findings of fact and conclusions of law on January 11, 1991, one day late. On that same day, appellants filed a motion for enlargement of the time in which to file their notice of past due findings and conclusions. On January 18, 1991, the trial court granted appellants' motion and allowed the late notice. Appellants claim this is sufficient notice under Texas Rules of Civil Procedure 296 and 297 to require the trial court to file his findings and conclusions. Appellee claims, however, on the date the trial court granted the motion for enlargement of time, his plenary jurisdiction over the judgment had expired and the granting of the motion for enlargement of time is therefore void.

■ The 1991 amendment to rule 41(a)(1) of the Texas Rules of Appellate Procedure provides that an appeal is to be perfected "ninety days after the judgment is signed if a timely motion for new trial has been filed by any party or if any party has timely filed a request for findings of fact and conclusions of law." Therefore, the longstanding rule that the filing of a motion for new trial extends the appellate timetable now applies to a request for findings of fact and conclusions of law.

■ Texas Rule of Civil Procedure 329b(e) extends the trial court's plenary power over the judgment when a motion for new trial or to vacate, modify, correct, or reform the judgment is filed. We see no reason why, under the current rules, the extension of the trial court's plenary power over its judgment should not also be triggered by the filing of a request for findings of fact and conclusions of law. We hold that the trial court had plenary power over its judgment until 90 days after the signing of the judgment. Therefore, the granting of the motion for enlargement of time was within the court's jurisdiction.

■ Because the appellant timely filed the request for findings of fact and conclusions of law and the notice of past due findings, the trial court erred in failing to file findings of fact and conclusions of law. We must now determine if the trial court's error in failing to file findings and conclusions was harmful. TEX.R.APP.P. 184(b). Because the trial court's duty to file findings and conclusions is mandatory, the failure to respond when all requests have been properly made is presumed harmful, unless the record before the appellate court affirmatively shows that the complaining party has suffered no injury. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117, 120 (1944); *Randall v. Jennings*, 788 S.W.2d 931, 932 (Tex.App.—Houston [14th Dist.] 1990, no writ). In situations where there are two or more possible grounds on which the trial court might have ruled, the inference of harm cannot be defeated. *Randall*, 788 S.W.2d at 932.

In this case, we cannot say that the record affirmatively discloses no injury. The trial court's order recites only that Hanson's "Special Appearance is valid" and "Texas courts do not have in personam jurisdiction over this non-resident Defendant." Both appellants and appellee presented conflicting evidence at the hearing on the special appearance. Therefore, we cannot determine, by looking at the record, on what evidence the trial court based its decision.

Because the trial judge continues to serve on the county civil court at law, the error in this case is remediable. We therefore abate the appeal and direct the trial court to correct its error pursuant to TEX.

**172**

R.APP.P. 81(a). *See Cherne Indust., Inc. v. Magallanes,* 763 S.W.2d 768, 773 (Tex. 1989).

We order the trial court to file its findings of fact and conclusions of law within 30 days of the date of this opinion. We further order the district clerk to supplement the transcript in this case with the trial court's findings and conclusions.