Motion for En Banc Rehearing Denied as Moot, Opinion
of July 21, 2009, Withdrawn, Affirmed
and Substitute Opinion filed November 5, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00061-CV

____________

 

2900 SMITH, LIMITED AND KATIE PHAM, Appellants

 

V.

 

CONSTELLATION NEWENERGY, INC., Appellee

 



 

On Appeal from the 190th
District Court

Harris County, Texas

Trial Court Cause No. 2006-68977

 



 

S U B S T I T U T E   O P I N I O N

Appellants, 2900 Smith Limited (A2900 Smith@) and Katie Pham=s Motion for
Rehearing En Banc is overruled, our memorandum opinion of July 21, 2009 is
withdrawn, and the following substitute opinion is issued in its place.

Appellants appeal from a judgment entered
following a bench trial of a suit on a sworn account.  We affirm.

 








Factual and Procedural Background

Prior to July 21, 2005, 2900 Smith had an
electricity services contract with Azor Energy, L.P.  On or about July 21,
2005, Azor Energy ceased doing business in the State of Texas.  As a result,
the Electric Reliability Council of Texas (AERCOT@) assigned 2900
Smith to appellee, Constellation NewEnergy, Inc., as the Provider of Last
Resort (APOLR@).  As the POLR,
appellee was authorized to charge appellants a much higher rate for electricity
than appellants had been paying to Azor Energy.[1] 
Because appellee was the POLR, it was required by state regulation to notify
appellants not only that appellants= electricity
service had been transferred to appellee, but also had to inform appellant of
all charges appellant would now be responsible for paying.








A dispute arose over the amount 2900 Smith
owed appellee for electricity.[2] 
Appellants argued appellee had not provided the required notice of the
transition and therefore was overcharging 2900 Smith.  When efforts to resolve
the dispute failed, appellee filed a suit on a sworn account against
appellants.  In that suit, appellee sought recovery of the amount allegedly
owed for electricity appellants received between July 21, 2005 and February 1,
2006, a period of time covering seven billing cycles.  Once appellee agreed to
reduce the billing rate on the first five billing cycles to the Azor Energy
rate, the only remaining dispute at trial was the amount owed for the final two
billing cycles: December, 2005 and January, 2006.  According to appellee,
appellants owed $24,833.40 for those two months of electricity service.[3] 
Appellants, while not contesting actual receipt of the electricity, denied
owing the amount sought by appellee.  In support of their argument, appellants
asserted they never received appropriate notice of the charges they would be
responsible for paying as a result of receiving electricity from appellee.

The trial took place on September 12, 2007
before Judge Jennifer Elrod of the 190th District Court.  Vashti Padmore, an
employee of appellee, was the first witness to testify.  Ms. Padmore testified
it was appellee=s standard practice to mail a batch notice
to all customers assigned to appellee as the POLR, however, she was unable to
produce a copy of such a letter sent to 2900 Smith.  She also testified that
when appellee had not heard any response from 2900 Smith, she initially
contacted 2900 Smith with a telephone call on October 13, 2005.  According to
Ms. Padmore, she spoke to a person named Anna and informed Anna that ERCOT had
assigned appellee as 2900 Smith=s electricity provider and of the charges 2900
Smith would have to pay.  During this conversation, because 2900 Smith revealed
they were not aware of their POLR status, Ms. Padmore agreed to match the rate
2900 Smith had been paying to Azor Energy through the November 2005 billing
cycle.








Next, James McGrew, another employee of
appellee, testified.  In addition to other matters, McGrew testified regarding
the regulations controlling POLR pricing.  He then testified that the POLR
pricing was correctly applied to 2900 Smith=s December 2005
and January 2006 bills and that 2900 Smith=s total
outstanding balance for the seven billing cycles was $33,792.60.[4] 
During cross-examination, McGrew explained how appellee arrived at the amount
due for the December billing cycle.  According to McGrew this billing cycle ran
from November 30, 2005 through January 3, 2006, a longer than  normal billing
cycle of 35 days.  McGrew also testified that a new, higher, Price to Beat went
into effect on December 16, 2005.  Therefore, because there were 18 days on the
new, higher billing rate, and only 17 at the old rate, appellee billed 2900
Smith at the higher rate for the entire billing cycle.  McGrew did not testify
as to what the earlier Price to Beat was that was replaced on December 16,
2005.

Following the testimony of appellee=s attorney
regarding her legal fees, Pham testified she did not receive notice of the
switch to appellee until sometime in October 2005.  Finally, Pham testified she
could not recall if she received notice of the rates appellee would be
charging.

After the parties had rested, the trial
court instructed appellee to re-bill the December invoice at the lower Azor
Energy rate reducing the amount owed by 2900 Smith to $27,885.42. The trial
court signed a judgment in that amount on October 15, 2007.[5] 
On October 22, 2007, appellants filed a Request for Findings of Fact and
Conclusions of Law with the trial court.  On November 16, 2007, appellants
filed a Notice of Past Due Findings of Fact and Conclusions of Law.  Appellee
filed its own Notice of Past Due Findings of Fact and Conclusions of Law three
days later.  On October 4, 2007, Judge Elrod was confirmed to the U.S. Court of
Appeals for the Fifth Circuit and left the bench of the 190th District Court on
a date not disclosed in the appellate record before entering the timely
requested  Findings of Fact and Conclusions of Law.  Appellants then appealed
to this court.  Among their issues was the complaint that the trial court=s failure to enter
Findings of Fact and Conclusions of Law hampered their ability to properly
present their appeal.  We abated the appeal and ordered Judge Kerrigan, the new
judge of the 190th District Court, to enter Findings of Fact and Conclusions of
Law.  The Findings of Fact and Conclusions of Law were filed with this court on
June 2, 2009 and we reinstated the appeal.

 

 








Discussion

A.      Is the Trial Court=s Judgment
Supported By Sufficient Evidence?

Appellants raised three issues in this
appeal.[6] 
In their third issue, appellants contend the evidence is insufficient to
support the judgment.  Appellants do not specify whether they challenge the
legal sufficiency of the evidence, the factual sufficiency, or both.  Liberally
construing their brief as we must, we construe appellants= third issue as
challenging both the legal and factual sufficiency of the evidence supporting
the judgment.

 








1.       The Standard of Review

When both legal and factual sufficiency
challenges are raised on appeal, we must first examine the legal sufficiency of
the evidence.  City of Houston v. Cotton, 171 S.W.3d 541, 546 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied).  In conducting a legal sufficiency review, we must
consider the evidence in the light most favorable to the appealed order and
indulge every reasonable inference that supports it.  City of Keller v.
Wilson, 168 S.W.3d 802, 821B22 (Tex. 2005); Harris County v.
Vernagallo, 181 S.W.3d 17, 24 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied); Prairie View A & M Univ. v. Brooks, 180
S.W.3d 694, 705 (Tex. App.CHouston [14th Dist.] 2005, no pet.).  The
evidence is legally sufficient if it would enable reasonable and fair-minded
people to reach the decision under review.  Keller, 168 S.W.3d at 827B28; Vernagallo,
181 S.W.3d at 24; Brooks, 180 S.W.3d at 705.  This court must credit
favorable evidence if a reasonable trier of fact could, and disregard contrary
evidence unless a reasonable trier of fact could not.  Keller, 168 S.W.3d
at 827; Vernagallo, 181 S.W.3d at 24; Brooks, 180 S.W.3d at 705. 
The trier of fact is the sole judge of the witnesses= credibility and
the weight to be given their testimony.  Keller, 168 S.W.3d at 819; Vernagallo,
181 S.W.3d at 24; Brooks, 180 S.W.3d at 705.

This court may sustain a legal
sufficiency, or no evidence, point only if the record reveals one of the
following: (1) the complete absence of a vital fact; (2) the court is barred by
rules of law or of evidence from giving weight to the only evidence offered to
prove a vital fact; (3) the evidence offered to prove a vital fact is no more
than a scintilla; or (4) the evidence established conclusively the opposite of
the vital fact.  Keller, 168 S.W.3d at 810; Brooks, 180 S.W.3d at
705.  When the evidence offered to prove a vital fact is so weak as to do no
more than create a mere surmise or suspicion of its existence, the evidence is
less than a scintilla and, in legal effect, is no evidence.  See Ford Motor
Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004).








In reviewing factual sufficiency, we must
examine the entire record, considering both the evidence in favor of, and
contrary to, the challenged findings.  See Maritime Overseas Corp. v. Ellis,
971 S.W.2d 402, 406B07 (Tex. 1998); Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986).  We may set aside the verdict for factual
sufficiency only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.  See Ellis, 971 S.W.2d at
407; Nip v. Checkpoint Systems, Inc., 154 S.W.3d 767, 769 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  The amount of evidence necessary to affirm a judgment
is far less than the amount necessary to reverse a judgment.  GTE Mobilnet
of S. Tex. v. Pascouet, 61 S.W.3d 599, 616 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).  We are not a fact finder.  Mar. Overseas
Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998).  Accordingly, we may not
pass upon the witnesses= credibility or substitute our judgment
for that of the jury, even if the evidence would support a different result.  Id. 
If we determine the evidence is factually insufficient, we must detail the
evidence relevant to the issue and state in what regard the contrary evidence
greatly outweighs the evidence in support of the verdict; we need not do so
when affirming a jury=s verdict.  Gonzalez v. McAllen Med.
Ctr., Inc., 195 S.W.3d 680, 681 (Tex. 2006) (per curiam).

2.       The Evidence is Legally and Factually Sufficient








Appellants= argument that the
evidence is insufficient to support the trial court=s judgment begins
with the assertion that the only evidence in the record as to a possible date
appellants= received notice of appellee=s higher POLR
charges was the October 13, 2005 telephone call made by Ms. Padmore. 
Appellants then contend the trial court must not have accepted Ms. Padmore=s testimony
regarding notice as credible because, in appellants= view, lack of
notice of the new rates is the only possible explanation for the trial court=s decision to
award the lower, Azor Energy rate for the December invoice.  Appellants then
conclude that since (1) the trial court disbelieved Ms. Padmore=s testimony
regarding notice of appellee=s charges, and (2) there was no other
evidence in the record establishing notice to appellants of those charges, then
the trial court=s judgment should have also lowered the
January invoice to the Azor Energy rate as well.  We disagree that, under the
appropriate standard of review, the evidence is insufficient to support the
trial court=s judgment.

Here, it was uncontested 2900 Smith
received electricity provided by appellee from July 21, 2005 until February 1,
2006.  There was undisputed evidence that Ms. Padmore notified appellants that
appellee was providing electricity to 2900 Smith as the POLR in an October 13,
2005 telephone call.  There was also undisputed evidence appellee agreed to
charge 2900 Smith the lower Azor Energy rate through the November 30, 2005
billing cycle.  In addition, there was evidence that, prior to making the
December 28, 2005 partial payment, appellants received appellee=s billing rates. 
The evidence also indicated the next full billing cycle following December 28,
2005, the latest date appellants could have received notice of appellee=s billing rates,
was the final billing cycle from January 3, 2006 through February 1, 2006.

The evidence summarized above, when viewed
in a light favorable to the trial court=s decision, is
legally sufficient evidence to support the trial court=s judgment in this
case.  In addition, after examining all of the evidence, the trial court=s judgment is not
so contrary to the evidence as to be clearly wrong and unjust.  Therefore, the
evidence is factually sufficient.  We overrule appellants= single remaining
issue on appeal.

 

 

 

 

 

 








Conclusion

Having addressed each of appellants issues
on appeal, we affirm the trial court=s judgment.

 

 

/s/      John
S. Anderson

Justice

 

 

 

 

Panel consists of Chief Justice Hedges and Justices Anderson and
Seymore.

 

 

 









[1]  As the POLR, appellee was authorized to charge 125%
of the published Price to Beat.  16 Tex. Administrative Code ' 25.43(k)(4)(A).





[2]  The Azor Energy electricity contract was with 2900
Smith.  In its original petition, appellee alleged 2900 Smith is a forfeited
Texas limited partnership, however there is no evidence in the record
establishing that allegation.  In addition, while Katie Pham was not a party to
the Azor Energy contract, she was listed as the recipient of electricity 





[3]  According to appellee, 2900 Smith owed $12,900.03
for December, 2005 and $11,933.60 for January, 2006.





[4]  Appellee arrived at this amount after adjusting the
billing rate for the first five billing cycles to the lower Azor Energy rate
and crediting a $14,000 partial payment made by 2900 Smith in December, 2005.





[5]  The trial court also awarded appellee $10,000 in
attorney=s fees as well as interest and costs of court. 
Appellants do not challenge the amount of the attorney=s fees in this appeal.





[6]  In their first issue, appellants asserted the trial
court erred by failing to file the timely requested findings of fact and
conclusions of law.  In their second issue, appellants asserted Judge Elrod=s successor, Judge Kerrigan, could not issue the
requested findings of fact and conclusions of law because she did not preside
over the trial and argued the case must be remanded for a new trial.  We
previously addressed both of these issues in the order abating this appeal.

Initially, we agreed with
appellant on their first issue and abated the appeal and ordered Judge Elrod=s successor to enter the requested findings of fact
and conclusions of law.  See Cherne Indus., Inc. v. Magallanes, 763
S.W.2d 768, 772B73 (Tex. 1989); Electronic Power Design, Inc., v.
R.A. Hanson Co., Inc., 821 S.W.2d 170, 171 (Tex. App.CHouston [14th Dist.] 1991, no writ).

Citing binding precedent from
this Court, we also addressed appellants=
second issue in the abatement order.  In the abatement order we stated:

A judge who succeeds a judge
who has resigned subsequent to rendering judgment is authorized to make
findings of fact and conclusions of law in the case.  Lykes Bros. S. S. Co.,
Inc. v. Benben, 601 S.W.2d 418, 420 (Tex. Civ. App. 1980, writ ref=d n.r.e.) (holding that due process did not require
findings and conclusions be made by judge who heard evidence and rendered
judgment).  Rule 18 of the Texas Rules of Civil Procedure allows successor
judges to dispose of unresolved matters and enter various orders so long as the
successor judge does not render judgment without hearing evidence.  See Tex.
R. Civ. P. 18. see also Fidelity & Guar. Life Ins. Co. v. Pina, 165
S.W.3d 416, 421 (Tex. App.CCorpus Christi
2005, no pet.) (noting that rule 18 operates in conjunction with section 30.002
of the remedies code, which allows the successor of a deceased judge to enter
findings of fact and conclusions of law for cases pending at the death of his
predecessor)

Therefore, we conclude the
error in this case is remediable.  See  Tex. R. App. P. 44.4.  Accordingly we abate the appeal
and direct the trial court to correct the error.  See Zeiba v. Martin,
928 S.W.2d 782, 786 (Tex. App.B Houston [14th
Dist.] 1996, no writ).

Therefore, in
abating the appeal and remanding to the trial court for the entry of findings
of fact and conclusions of law, we sustained appellants= first issue and overruled appellants= second issue requesting a new trial.  Eventually, the
trial court entered the findings of fact and conclusions of law, which brings
us to appellants= third issue challenging the sufficiency of the
evidence.