**Abatement Order filed January 18, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-01005-CV
_____

**ALEXANDER MCNABB, Appellant**

**V.**

**DKM CUSTOM PROPERTIES, LLC, DES AMIS INVESTMENTS, LLC, KATIE ANDREWS, AND DENISE BONIN, Appellees**

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2009-57289**

## ABATEMENT ORDER

Appellant Alexander McNabb brings this appeal from a judgment signed August 29, 2011, following a bench trial. Appellant timely requested findings of

fact and conclusions of law and timely reminded the trial court when the findings and conclusions were overdue. The trial court did not file the requested findings and conclusions.

In his first appellate issue, appellant asserts the trial court reversibly erred in failing to file findings of fact and conclusions of law. When an appellant timely files a request for findings of fact and conclusions of law and a timely notice of past due findings, the trial court's error in failing to file findings of fact and conclusions of law is generally presumed to be harmful, unless the record before the appellate court affirmatively shows that the complaining party has suffered no injury. *See Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989); *Electronic Power Design, Inc., v. R.A. Hanson Co., Inc.,* 821 S.W.2d 170, 171 (Tex. App.—Houston [14th Dist.] 1991, no writ). Appellant avers that he cannot properly present or frame his issues without the findings and conclusions. Thus, we cannot say that the record affirmatively discloses no injury. Because the trial judge continues to serve on the district court, the error in this case is remediable. *See* TEX. R. APP. P. 44.4. The proper remedy is to abate the appeal and direct the trial court to correct its error. *See Zeiba v. Martin*, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no writ). Accordingly, we

**ORDER** the trial court to file findings of fact and conclusions of law on or before **February 15, 2013.** Within ten days after the trial court has filed findings of fact and conclusions of law, any party may file a request for specified additional or amended findings or conclusions. The trial court shall file any additional or amended findings that are appropriate within ten days after such a request is filed. We further

**ORDER** the District Clerk of Harris County to supplement the record in this case with the trial court's findings and conclusions. The trial court's findings of

fact and conclusions of law, and any additional and amended findings or conclusions, shall be included in a supplemental clerk's record to be filed with this court on or before **March 15, 2013**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and conclusions are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by any party, or the court may reinstate the appeal on its own motion.


PER CURIAM


Panel consists of Justices Frost, Christopher, and Jamison.
Do Not Publish