COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Cornelis P. Willig v. Marcela Gutierrez Diaz

Appellate case number:    01-15-00073-CV

Trial court case number:  2014-16063

Trial court:              309th District Court of Harris County

Appellant, Cornelis P. Willig, filed suit in the trial court against appellee, Marcela Gutierrez Diaz, seeking a divorce and division of the parties' community property. Appellee responded by filing a special appearance, arguing that she has insufficient contacts with Texas for the trial court to exercise personal jurisdiction over her and that appellant's petition "cannot go forward" because a court in the Netherlands had previously obtained jurisdiction over a divorce action filed in that country by appellee. Appellee also filed a plea in abatement, contending that she had previously filed a divorce case in the Netherlands involving the same parties and issues as appellant's petition filed in the trial court below and that the case below should therefore be abated. Appellee further argued that neither appellant nor appellee met the domiciliary and residency requirements necessary for the trial court to obtain jurisdiction over this case.

The trial court held a hearing regarding appellee's special appearance and plea for abatement on September 26, 2014. On October 31, 2014, the trial court signed an order sustaining appellee's "Special Appearance Challenging Personal Jurisdiction" and dismissing the case.

Appellant requested findings of fact and conclusions of law on November 14, 2014. *See* TEX. R. CIV. P. 296. Appellant further filed a notice of past-due findings of fact and conclusions of law on December 5, 2014. *See id.* 297. Appellant filed a notice of appeal on January 19, 2015. *See* TEX. R. APP. P. 26.1(a). Because the trial court has not issued findings of fact or conclusions of law, appellant moved on March 31, 2015, for an order abating this appeal and requiring the trial court to issue findings of fact and conclusions of law.

Because the trial court held a hearing wherein it heard evidence on the issue of personal jurisdiction and decided this case, and because appellant timely filed a request for findings of fact and conclusions of law and a notice of past due findings, the trial court had a mandatory duty to file findings of fact and conclusions of law and erred by failing to do so. *See* TEX. R. CIV. P. 296, 297; *Nationwide Capital Funding, Inc. v. H. Epps. Co.*, No. 13-04-308-CV, 2006 WL 1030105, at *2 (Tex. App.—Corpus Christi Apr. 20, 2006, no pet.) (mem. op.); *Elec. Power Design, Inc. v. R.A. Hanson Co.*, 821 S.W.2d 170, 171 (Tex. App.—Houston [14th Dist.] 1991, no writ), *overruled on other grounds by In re Gillespie*, 124 S.W.3d 699 703–04 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). Further, the failure of the trial court to respond to a proper request for findings of fact and conclusions of law is presumed harmful, unless the record before the appellate court affirmatively demonstrates that the complaining party has suffered no injury. *See Nationwide Capital Funding*, 2006 WL 1030105, at *2; *Elec. Power Design*, 821 S.W.2d at 171. "The test for determining harm in such a case is whether the circumstances of the particular case would force an appellant to guess the reason or reasons that the trial court ruled against it." *Nationwide Capital Funding*, 2006 WL 1030105, at *2. And, "[i]n situations where there are two or more possible grounds on which the trial court might have ruled, the inference of harm cannot be defeated." *Elec. Power Design*, 821 S.W.2d at 171.

Here, we cannot say that the record affirmatively discloses that appellant suffered no injury. The trial court's order states only that there is another cause pending in the Netherlands and "that Marcela Gutierrez Diaz's Special Appearance Challenging Personal Jurisdiction is SUSTAINED and this cause is hereby DISMISSED." The order does not state whether the trial court dismissed the case based on a lack of personal jurisdiction over appellee, on grounds of international comity, or on some other basis. *See also Acain v. Internat'l Plant Serv., LLC*, 449 S.W.3d 655, 660–61 (Tex. App.—Houston [1st Dist.] 2014, pet. filed). Further, appellant testified at the hearing and both appellant and appellee presented evidence to the trial court at the hearing. Therefore, we are not able to determine, by looking at the record, on what evidence the trial court based its decision. *See Elec. Power Design*, 821 S.W.2d at 171.

Accordingly, we grant appellant's motion to abate this appeal. We therefore abate this appeal and remand this case to the trial court. On remand, we order the trial court to file findings of fact and conclusions of law within 30 days of the date of this order. *See* TEX. R. APP. P. 44.4(b); *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 773 (Tex. 1989); *Elec. Power Design*, 821 S.W.2d at 171. We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law within 45 days of the date of this order.

Judge's signature: /s/ Sherry Radack

☑ Acting individually ☐ Acting for the Court

Date: April 16, 2015