**Abatement Order filed May 7, 2015**



In The

# Fourteenth Court of Appeals

**NO. 14-14-00410-CV**
**DOV AVNI KAMINETZKY, Appellant**

**V.**

**DOSOHS I, LTD, Appellee**

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1997-40590**

## ORDER

After a non-jury trial, appellant brings this appeal from a judgment signed March 31, 2014. Appellant timely requested findings of fact and conclusions of law and timely reminded the trial court when the findings and conclusions were overdue. The trial court did not file the requested findings and conclusions. On April 20, 2015, appellant asked this court to order the trial court to find findings of fact and conclusions of law.

When an appellant timely files a request for findings of fact and conclusions of law and a timely notice of past due findings, the trial court's error in failing to file findings of fact and conclusions of law is generally presumed to be harmful,

unless the record before the appellate court affirmatively shows that the complaining party has suffered no injury. *See Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989); *Electronic Power Design, Inc., v. R.A. Hanson Co., Inc.,* 821 S.W.2d 170, 171 (Tex. App.—Houston [14th Dist.] 1991, no writ).

Appellant avers in his motion that he cannot properly present or frame its issues without the findings and conclusions. In this case, therefore, we cannot say that the record affirmatively discloses no injury. Because the trial judge continues to serve on the district court, the error in this case is remediable. *See* Tex. R. App. P. 44.4. The proper remedy is to abate the appeal and direct the trial court to correct its error. *See Zeiba v. Martin*, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no writ). We **ORDER** the trial court to file findings of fact and conclusions of law on or before **May 27, 2015**. Within ten days after the trial court has filed findings of fact and conclusions of law, any party may file a request for specified additional or amended findings or conclusions. The trial court shall file any additional or amended findings that are appropriate within ten days after such a request is filed. The trial court's findings of fact and conclusions of law, and any additional and amended findings or conclusions, shall be included in a supplemental clerk's record to be filed with this court on or before **June 29, 2015**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

It is so ORDERED.

PER CURIAM