COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Jeff O'Banion v. Inland Western Clear Lake Clear Shores GP, LLC and Shannon Methvin

Appellate case number:    01-15-00704-CV

Trial court case number:   CV-0061302

Trial court:             County Court at Law No. 1 of Galveston County

Appellee, Inland Western Clear Lake Clear Shores GP, filed suit in the trial court against appellant, Jeff O'Banion, seeking recovery of a debt. O'Banion filed a third-party claim against appellee, Shannon Methvin, claiming that she was obligated to indemnify O'Banion pursuant to a divorce decree. After a bench trial, the trial court entered a judgment in favor of Inland and against O'Banion on May 15, 2015. The trial court's judgment did not specifically address O'Banion's third-party claim against Methvin. On June 3, 2015, O'Banion filed a timely request for findings of fact and conclusions of law as to Inland's claim against O'Banion and O'Banion's third-party claim against Methvin. *See* TEX. R. CIV. P. 296. On June 24, 2015, O'Banion filed a Notice of Overdue Findings of Fact and Conclusions of Law. *See* TEX. R. CIV. P. 297. On July 7, 2015, the trial court entered its findings of fact and conclusions of law, but made no reference to O'Banion's third-party claim against Methvin. On July 16, 2015, O'Banion filed a Request for Additional Findings of Fact and Conclusions of Law, specifically requesting findings on O'Banion's third-party claim against Methvin.

O'Banion filed a notice of appeal on August 14, 2015. *See* TEX. R. APP. P. 26.1(a). Because the trial court has not issued findings of fact or conclusions of law on O'Banion's third-party claim against Methvin, O'Banion asked this Court to abate the appeal and require the trial court to issue findings of fact and conclusions of law on his third-party claim.

Because the trial court held a bench trial wherein it heard evidence on the issue of O'Banion's third-party claim and because appellant timely filed a request for findings of fact and conclusions of law and a notice of past due findings, the trial court had a mandatory

duty to file findings of fact and conclusions of law and erred by failing to do so. *See* TEX. R. CIV. P. 296, 297; *Nationwide Capital Funding, Inc. v. H. Epps. Co.*, No. 13-04-308-CV, 2006 WL 1030105, at *2 (Tex. App.—Corpus Christi Apr. 20, 2006, no pet.) (mem. op.); *Elec. Power Design, Inc. v. R.A. Hanson Co.*, 821 S.W.2d 170, 171 (Tex. App.—Houston [14th Dist.] 1991, no writ), *overruled on other grounds by In re Gillespie*, 124 S.W.3d 699 703–04 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). Further, the failure of the trial court to respond to a proper request for findings of fact and conclusions of law is presumed harmful, unless the record before the appellate court affirmatively demonstrates that the complaining party has suffered no injury. *See Nationwide Capital Funding*, 2006 WL 1030105, at *2; *Elec. Power Design*, 821 S.W.2d at 171. "The test for determining harm in such a case is whether the circumstances of the particular case would force an appellant to guess the reason or reasons that the trial court ruled against it." *Nationwide Capital Funding*, 2006 WL 1030105, at *2. And, "[i]n situations where there are two or more possible grounds on which the trial court might have ruled, the inference of harm cannot be defeated." *Elec. Power Design*, 821 S.W.2d at 171.

Here, we cannot say that the record affirmatively discloses that O'Banion suffered no injury. The trial court's final judgment does not address O'Banion's third-party claim at all. The trial court's judgment does not state explicitly that the trial court ruled on the third-party claim or the basis for the ruling. *See also Acain v. Internat'l Plant Serv., LLC*, 449 S.W.3d 655, 660–61 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Further, O'Banion and Methvin testified at trial, and both O'Banion and Methvin presented evidence to the trial court on the third-party claim. Therefore, we are not able to determine, by looking at the record, on what evidence the trial court based its decision. *See Elec. Power Design*, 821 S.W.2d at 171.

Accordingly, we grant O'Banion's request to abate this appeal. We therefore abate this appeal and remand this case to the trial court. On remand, we order the trial court to file findings of fact and conclusions of law within 30 days of the date of this order specifically addressing O'Banion's third-party claim against Methvin. *See* TEX. R. APP. P. 44.4(b); *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 773 (Tex. 1989); *Elec. Power Design*, 821 S.W.2d at 171.

We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law within 5 days of the date the trial court files its findings of fact and conclusions of law.

Alternatively, we note that, after a trial on the merits, there is a presumption that a judgment is final, even if it does not dispose of all parties and claims. *See Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966). If, however, the trial court did not intend to dispose of the third-party claim, it may clarify its judgment and can permit the parties to obtain an order or orders disposing of O'Banion's third-party claim against Methvin. *See* TEX. R. APP. P. 27.2. A supplemental clerk's record containing the trial court's clarifying order or orders shall be filed with the clerk of this Court within 35 days of the date of this order.

Judge's signature: _/s/ Chief Justice Sherry Radack

                  ☒  Acting individually

Date:  October 4, 2016