**Motion Granted and Abatement Order filed April 29, 2021.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-21-00132-CV
———————

### ROGER  JENKINS, Appellant

### V.

### RONNIE  WAYNE  WILLS II, Appellee

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-62982**

## ABATEMENT ORDER

After a non-jury trial, appellant brings this appeal from an order signed December 10, 2020, denying appellant's application for a protective order. On March 19, 2021, appellant asked this court to order the trial court to file findings of fact and conclusions of law. On April 13, 2021, the clerk's record was filed. The record reflects appellant timely requested findings of fact and conclusions of law and timely reminded the trial court when the findings and conclusions were

overdue. The trial court did not file the requested findings and conclusions. No response was filed to appellant's motion. Appellant's motion is granted.

When an appellant timely files a request for findings of fact and conclusions of law and a timely notice of past due findings, the trial court's error in failing to file findings of fact and conclusions of law is generally presumed to be harmful, unless the record before the appellate court affirmatively shows that the complaining party has suffered no injury. *See Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989); *Electronic Power Design, Inc., v. R.A. Hanson Co., Inc.,* 821 S.W.2d 170, 171 (Tex. App.—Houston [14th Dist.] 1991, no writ).

Appellant avers in the motion that the issues cannot be properly presented or framed without the findings and conclusions. In this case, therefore, we cannot say that the record affirmatively discloses no injury. Because the trial judge continues to serve on the district court, the error in this case is remediable. *See* Tex. R. App. P. 44.4. The proper remedy is to abate the appeal and direct the trial court to correct its error. *See Zeiba v. Martin*, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no writ). We ORDER the trial court to file findings of fact and conclusions of law **within twenty days** of the date of this order. Within ten days after the trial court has filed findings of fact and conclusions of law, any party may file a request for specified additional or amended findings or conclusions. The trial court shall file any additional or amended findings that are appropriate within ten days after such a request is filed. The trial court's findings of fact and conclusions of law, and any additional and amended findings or conclusions, shall be included in a supplemental clerk's record to be filed with this court **within fifty days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the

supplemental clerk's record containing the trial court's findings and conclusions are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.


PER CURIAM


Panel Consists of Chief Justice Christopher and Justices Spain and Wilson.